**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | |
|---|---|
| **PETER TERRY BELCHER,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:10-0398** |
| ) | **(Criminal No. 1:88-0094)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on March 25, 2010.[1] (Document No. 49.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 50.)

**FACTUAL AND PROCEDURAL BACKGROUND**

By five-Count Indictment filed on April 21, 1988, Movant was charged with knowingly and unlawfully possessing four firearms not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d)(Counts One, Two, Three and Five) and knowingly and unlawfully possessing one firearm with a serial number which had been obliterated, removed, changed and altered in violation of 26 U.S.C. § 5861(h).[2] United States v. Belcher, Criminal

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] 26 U.S.C. § 5861(h) provides that "[i]t shall be unlawful for any person – * * * (h) to receive or possess a firearm having the serial number or other identification required by this chapter obliterated, removed, changed, or altered[.]" 26 U.S.C. § 5871 states that "[a]ny person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than

No. 1:88-0094, Document No. 1. Movant entered a written agreement to plead guilty to Count Four of the Indictment on July 26, 1988. (Id., Document No. 38.) The written plea agreement stated as follows at Paragraph 7:

> The United States Attorney's Office for the Southern District of West Virginia agrees that it will not object to the defendant applying for a limited restoration of the defendant's firearm privileges, limited to permitting the defendant to continue to sell, pursuant to all applicable laws and regulations, firearms and ammunition at the defendant's family's place of business . . .. Relevant to this limited restoration of the defendant's firearm rights, the United States Attorney's Office for the Southern District of West Virginia represents that in its opinion, the defendant would not be likely to act in a manner dangerous to the public safety and that the granting of such a limited restoration of firearm rights would not be contrary to the public interest. It is understood that the decision as to whether or not the defendant's firearm privileges are restored is within the sole discretion of the Director, Bureau of Alcohol, Tobacco & Firearms, the Department of the Treasury.

Movant pled guilty to the charge contained in Count Four on August 2, 1988. (Id., Document Nos. 37 and 39.) Movant was sentenced on September 22, 1988, to a five year term of probation which included as a special condition that "the Defendant shall supply a complete list of firearms he owns and an account of their whereabouts to the Probation Officer[.]" (Id., Document No. 40.) The District Court also imposed a $1,500 fine and dismissed the remaining Counts of the Indictment. (Id.) Movant did not appeal his conviction or sentence. Movant's term of probation was terminated early on February 12, 1992. (Id., Document No. 46.)[3]

On February 27, 2009, Movant filed a single-page document entitled "United States District Court Citizens Complaint to Appear Before Grand Jury." (Case No. 09-mc-0029, Document No. 1.)

---

$10,000, or be imprisoned not more than ten years, or both."

[3] The file in *United States v. Belcher* contains a letter dated September 16, 1988, just prior to Movant's sentencing, from Federal Public Defender Hunt Charach to District Judge Hallanan indicating Movant's deep concern about the "perception that he will now be stamped by his fellow community members with the brand of a convicted felon." The file also contains a letter dated December 5, 1990, from Movant to District Judge Hallanan in which Movant states "[a]s a convicted felon, I have no rights."

Movant indicated in his Complaint that he was requesting that <u>United States v. Belcher</u>, Criminal No. 1:88-0094, be re-opened. (<u>Id.</u>, ¶ 7.) On April 13, 2009, Movant filed a Motion for Status Conference. (<u>Id.</u>, Document No. 3.) Having difficulty understanding specifically what Movant was claiming from his Complaint and Motion, the undersigned held a status conference on April 27, 2009. (<u>Id.</u>, Document No. 7, Transcript of status conference.) In preparation for the status conference, the undersigned examined the Court's file in <u>United States v. Belcher</u>, Criminal No. 1:88-0094. At the status conference, Movant indicated that during proceedings in <u>United States v. Belcher</u>, he believed that he was charged with a misdemeanor offense and learned that he was charged with a felony after he entered a guilty plea. (<u>Id.</u>, Document No. 7, pp. 4, 16.) He indicated that an attorney acting in his behalf had requested the restoration of his constitutional rights through the ATF and for a period of time he believed that his constitutional rights had been restored. (<u>Id.</u>, pp. 8, 9, 15.). Movant acknowledged that he was seeking the restoration of his constitutional rights. (<u>Id.</u>, p. 11.)

On April 28, 2009, Movant submitted a letter and a copy of the following documents: (1) A letter dated March 5, 2009, from the Virginia Department of State Police to the State Board of Elections stating that "[t]he Central Criminal Records Exchange (CCRE) of the Virginia State Police has confirmed that the above individual does not have a felony conviction in the State of Virginia;" (2) A letter dated May 11, 1993, from attorney Phillip Scantlebury to the Bureau of Alcohol, Tobacco and Firearms stating that Movant "is presently under a firearms disability as a result of his felony conviction in the U.S. District Court for the Southern District of West Virginia. Mr. Peter Belcher was discharged from probation on February 12, 1992, and he would now like to have his firearms disability removed so that he may possess firearms for hunting and target practice purposes;" (3) Election and registration information indicating that Movant voted in Tazewell County, Virginia, after his conviction; (4) A letter dated April 2, 2009, from United States Congressman Rick Boucher

to Movant indicating his opposition to gun control legislation; and (5) A letter dated February 27, 2009, from United States Senator Jim Webb to Movant indicating that he was "contacting the Bureau of Alcohol, Tobacco, Firearms and Explosives for their consideration and response and have asked that they keep me informed of their progress in this matter." (Id., Document No. 6.)

On June 19, 2009, Movant filed a letter addressed to the undersigned. (Id., Document No. 8.) Movant requested that his plea in United States v. Belcher, Criminal No. 1:88-0094, be considered withdrawn and that he "be tried by jury for the original charges." (Id.) Movant further requested that the undersigned withdraw from consideration of this matter and stated that "[i]f you cannot render a fair decision, please move this to the western district (Roanoke)."[4] (Id.) On June 19, 2009, Movant filed a letter stating that "I filed a request to appear before the Grand Jury. * * * I feel and hope to convince the Grand Jury through my investigation that fraud existed, and that the people involved should be criminally prosecuted for these acts." (Id., Document No. 9.)

By Proposed Findings and Recommendation entered on June 25, 2009, the undersigned recommended that Movant's Complaint be dismissed. (Id., Document No. 11.) Specifically, the

---

[4] 28 U.S.C. § 455(a) and (b)(1) provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(B) He shall also disqualify himself in the following circumstances:
    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

The Fourth Circuit has stated that the question a Judge must ask when his or her disqualification is requested is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." United States v. Cherry, 330 F.3d 658, 655 (4th Cir. 2003). The undersigned finds that a reasonable person having considered the record in this case would find no basis for questioning the undersigned's impartiality, no indication of personal bias or prejudice toward Movant or personal knowledge of evidentiary facts in dispute in this case. The undersigned will therefore not withdraw from consideration of this matter as Movant requests.

undersigned recommended that the District Court deny Movant's request (1) to appear before a grand jury; (2) to re-open his criminal case; (3) to have his voting and firearm rights restored; and (4) to transfer the matter to the United States District Court for the Western District of Virginia. (Id.) By Memorandum Opinion and Judgment Order entered on August 20, 2009, the District Court adopted the undersigned's recommendation and dismissed Movant's case. (Id., Document Nos. 20 and 21.)

On March 25, 2010, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 1:10-0398, Document No. 49.) As grounds for *habeas* relief, Movant alleges that (1) his rights under the Fourth Amendment were violated because the search warrant was invalid; and (2) his plea agreement was invalid because he did not knowingly plead guilty to a felony. Specifically, Movant states as follows:

> I plead to Count 4 after being told by my attorney and the assistant U.S. Attorney that this was a misdemeanor. I was never given a search warrant, or a copy, or seen it until I received it from the archives. The search warrant was not filled out properly. See attached copy. Charles T. Cunningham's signature does not match directions to United States Marshal. Attached Marked Number 2. I asked for DNA to be run on the copy at the archive to see if I ever had it in my hand or had signed it. I entered a plea to Count 4 after I was told it was a misdemeanor and I could get on to fighting or reconciling with my wife. I and God knows that I was not guilty then, or now, of any of the instant search warrant having in my possession a, or any, machine guns or parts to covert any of the seized guns to machine guns. The U.S. Attorney's office states that I confessed to having these parts (this is an out right lie) (See attached copy). I have lived a descent life for twenty-one years since this. Can you please vacate this. I have lived with this burden for 21 years.

(Id., p. 14.) Movant attaches as an Exhibit, a copy of portions of his Pre-sentence Report with comments made by Movant. (Id., pp. 15 - 18.)

On March 29, 2010, Movant filed "7 more pages the Court needs to look over." (Id., Document No. 52.) Movant attaches the following documents as Exhibits: (1) A copy of a Search Warrant dated August 17, 1987, signed by United States Magistrate Charles T. Cunningham, which was filed in the United States District Court for the Southern District of West Virginia in Case

5

Number 87-1008M (Id., pp. 2 - 3.); (2) A copy of a document containing "Directions to United States Marshall" signed by Magistrate Cunningham (Id., p. 4.); (3) A copy of a document setting forth "Additional Conditions of Release" stating that "Defendant may continue to sell firearms at his place of employment pursuant to an ATF license" (Id., p. 5.); (4) A copy of a receipt from the National Archives Trust Fund dated February 5, 2009 (Id., p. 6.) (5) A copy of a letter and order from the Office of the Governor of the Commonwealth of Virginia dated September 28, 2009, exhibiting that Governor Timothy M. Kaine removed certain political disabilities by restoring Movant's "right to vote, hold public office, serve on a jury, and to be a notary public;"[5] (Id., pp. 7 - 8.); and (6) A copy of letter from the Virginia Department of State Police to the State Board of Elections, dated March 5, 2009, stating that "[t]he Central Criminal Records Exchange (CCRE) of the Virginia State Police has confirmed that the above individual does not have a felony conviction in the State of Virginia;" (Id., p. 10.). Movant alleges that the above Exhibits demonstrate the following: (1) that the "signatures of Magistrate Cunningham . . . do not seem to be the same;" and (2) the "receipt from achieves show [the] date I first saw an incomplete search warrant." (Id., p. 1.)

## ANALYSIS

The undersigned finds that Movant is precluded from challenged his conviction under 28 U.S.C. § 2255 because his Motion is untimely and Movant is no longer "in custody." On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

    (1)    the date on which the judgment of conviction becomes final;

---

[5] The undersigned notes that Movant's "right to ship, transport, possess or receive firearms" was not restored by Governor Kaine. (Civil Action No. 1:10-0398, Document No. 52, pp. 7 - 8.)

> (2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255. Since Movant's conviction became final prior to the enactment of AEDPA, he had until April 24, 1997, to file his Section 2255 Motion. On March 25, 2010, nearly thirteen years after the one year period expired, Movant filed the instant Motion raising issues respecting matters in Criminal No. 1:88-0094. Movant's Motion is therefore clearly untimely.

Furthermore, Section 2255 provides for collateral relief for persons who remain "in custody." The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Collateral relief is available to persons who have completed their sentences and are therefore not in custody under very limited circumstances through Writs of Error *Coram Nobis* and Writs of *Audita Querela* issued under 28 U.S.C. § 1651, the All Writs Act. The United States Supreme Court explained in <u>Pennsylvania Bureau of Corrections v. United States Marshals Service</u>, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985), as follows:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Writs of Error *Coram Nobis* provide "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." Fleming v. United States, 146 F.3d 66, 89 - 90 (2nd Cir. 1998); see also United States v. Mandanici, 205 F.3d 519, 524 (2nd Cir. 2000). "[C]ourts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000), cert. denied, 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 956 (2001). The Supreme Court reiterated in Carlisle v. United States, 517 U.S. 416, 428 - 429, 116 S.Ct. 1460, 1468, 134 L.Ed.2d 613 (1996), from its note in United States v. Smith, 331 U.S. 469, 475, fn. 4, 67 S.Ct. 1330, fn.4, 91 L.Ed. 1610 (1947), that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate."

Proceedings may be held in *coram nobis* to consider errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954). They may not, however, supplant proceedings under Section 2255, United States v. Barrett, 178 F.3d 34, 55, (1st Cir. 1999), cert. denied, 528 F.2d 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000), or be utilized to re-litigate issues raised on direct appeal or under Section 2255. Durrani v. United States, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003); Sun v. United States, 342 F.Supp.2d 1120, 1126 (N.D.Ga. 2004), aff'd, 151 Fed. Appx. 860 (11th Cir. 2005), cert. denied, 546 U.S. 1200, 126 S.Ct. 1399, 164 L.Ed.2d 100 (2006)("A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable"). Thus, before considering a request for relief in *coram nobis* on its merits, the Court must determine whether the request is properly before the Court and may refuse to consider the request if it is not. Durrani v. United States, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003). Adopting "the same analytical framework when ruling on the

propriety of current coram nobis petition as when analyzing successive habeas corpus petition", the Court in Durrani stated that "the court will refuse to entertain a coram nobis petition if: (1) the same grounds presented in the current petition were determined adversely to petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the 'ends of justice' would not be served by reaching the merits of the repetitive grounds in the current petition." Durrani v. United States, 294 F.Supp.2d at 210; see also Shepis v. United States, 2008 WL 474237, * 6 (D.S.C.). When the District Court has determined that it is appropriate to consider a request for relief in *coram nobis* on the merits, the District Court may grant *coram nobis* relief if the petitioner demonstrates that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate early relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Fleming v. United States, 146 F.3d at 90, quoting Foont v. United States, 93 F.3d 76, 79 (2nd Cir. 1996)(internal quotation marks, citations and alterations omitted); see also Hanan v. United States, 402 F.Supp.2d 679, 684 (E.D.Va. 2005), stating that "to obtain *coram nobis* relief, [a petitioner] must show (i) that his conviction or sentence involved an error of the most fundamental character; (ii) that it is probable that a different result would have occurred if not for the error; (iii) that adverse consequences continue to follow from the conviction such that a case or controversy exists within the meaning of Article III; (iv) that a more usual remedy is not presently available to correct the error; and (v) that sound reasons exist for not challenging the error earlier, such as by direct appeal or § 2255 motion."

"[A] court reviewing a petition for a writ of *coram nobis* to vacate a conviction must presume that the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner. And, that burden is substantial, exceeding that of a habeas petitioner." Hanan v. United States, 402 F.Supp.2d at 684. A Writ of Error Coram Nobis may be granted "in light of a retroactive dispositive

change in the law" which undermines the basis for a prior conviction. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). "[N]ewly discovered evidence does not constitute a fundamental error sufficient to justify coram nobis relief." Sun v. United States, 342 F.Supp.2d 1120 at 1127. The mere allegation that prosecutors withheld exculpatory evidence does not support *coram nobis* consideration. Durrani v. United States, 294 F.Supp.2d at 215 - 216.

Writs of *Audita Querela* are available when there is a legal objection to a conviction which has arisen after sentencing for which there is no other remedy. United States v. Hairston, 2009 WL 891929, * 2 (N.D.W.Va.), quoting United States v. LaPlante, 57 F.3d 252, 253 (2nd Cir. 1995). As Writs of Error *Coram Nobis*, Writs of *Audita Querela* may be issued "only to the extent that they 'fill the gaps' in the current system of federal post-conviction relief." United States v. Hairston, 2009 WL 891929, * 2 (N.D.W.Va.), quoting Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997).

Having thoroughly examined the record in United States v. Belcher and considered the documents that Movant has filed, the undersigned finds no circumstance even remotely indicating a fundamental error in Movant's prosecution such that relief may be available in *coram nobis*. Movant alleges that he entered his guilty plea to Count Four of the Indictment without knowing that the charge contained in that Count was a felony. Even assuming that Movant actually did not know that he was pleading to a felony, it is clear from the record that Movant knew he had pled guilty to a felony at the time of sentencing. Movant could have presented the issue on appeal and in collateral proceedings.[6] Relief in *coram nobis* is not available under these circumstances. The undersigned

---

[6] It is well established that "[a] knowing and voluntary guilty plea waives antecedent nonjurisdictional errors, including claims of unlawful search and seizure." *United States v. Devaughn*, 2003 WL 22057945, at * 1 (4th Cir. Sept. 3, 2003)(unpublished)(*citing Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). When a defendant making a guilty plea is represented by counsel, his plea is strongly presumed to be valid in subsequent *habeas* proceedings. *United States v. Custis*, 988 F.2d. 1355, 1363 (4th Cir. 1993), *aff'd*, 511 U.S.,

further finds that no legal development occurred following Movant's conviction which might undermine Movant's conviction and make relief in *audita querela* available. Accordingly, the undersigned finds that no cognizable basis for invalidating United States v. Belcher, and Movant's Section 2255 Motion should be dismissed.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 49) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v.

---

485, 114 S.Ct. 1732, 127 L.Ed.2d 517 (1994). As explained above, the undersigned finds no evidence supporting Movant's claim that his plea was invalid. Therefore, Movant's guilty plea waived any claim of an unconstitutional search.

Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*.

Date: April 8, 2010.

R. Clarke VanDervort
United States Magistrate Judge